Scott, J.
The constitution contains in general terms the express and significant provision that “ all laws of a general nature shall have a uniform operation throughout the state.” Const., art. 2, see. 26.
The 4th article provides, in the 3d section, that “ courts of common pleas shall be held in every county,” and in the 4th section that the jurisdiction of the courts of common pleas and of the-judges thereof shall be fixed by law.”
Section 8 prescribes the extent of the jurisdiction of the probate-court in the following language: “ The probate court shall have-jurisdiction in probate and testamentary matters,” etc., etc., “ and such other jurisdiction in any county or counties as may be provided by law.”
We have then in the constitution, first, a general, unqualified, and positive prohibition or limitation of legislative power, forbidding-the giving of a partial operation to any law of a general nature— dr in its own affirmative terms, requiring that a uniform operation throughout the state shall be given to all laws of a general nature. Without undertaking to discriminate nicely or- define with pre272] cisión, *it may be said that the character of a law as general or local depends on the character of its subject-matter. If that be-of a general nature, existing throughout the state, in every county, a subject-matter in which all the citizens have a common interest— if it be a court organized under the constitution and laws, within and for every county of the state, and possessing a legitimate jurisdiction over every citizen, then the laws which relate to and regulate it are laws of a general nature, and by virtue of the prohibition referred to, must have a uniform operation throughout the state.' But the courts of common pleas in Ohio are an organization of a general nature, for the organic law of the state provides for their existence in every county; they are an important agency in the administration of justice throughout the state, and are by law clothed with a jurisdiction over every citizen. The laws then which relate to and regulate their organization and jurisdiction are laws of a general nature, and are imperatively required to have a uniform operation throughout the state. They can not be withdrawn from the operation of the plain constitutional prohibition, unless by an exemption contained in the same instrument. And that exemption to be effectual should be as explicit as the prohibition itself.
*273, 274 It must be found in express terms, or, at least, arise by implication fair and necessary. But it is not claimed that the constitution contains any provision which in express terms excepts laws prescribing the jurisdiction of the courts of common pleas from the requirement of a uniform operation.
As to the extent of this jurisdiction, its only provision is “ the jurisdiction of the courts of common pleas and of the judges thereof shall be fixed by law.” Certainly there is no exemption from the rule in this language; on the contrary, the jurisdiction is spoken of as one and ^therefore uniform as to be “ fixed ;” and [27S therefore not varying with every county line. But it is enough to say that the language does not, even remotely, imply any exception from the general rule.
But it is claimed that this exception is to be found in the 8th section above referred to. Let us briefly examine it. That it does contain an exception to the rule is quite apparent; for after giving to the probate court jurisdiction over certain specified matters, it proceeds to confer upon it “such other jurisdiction in any county or counties as may be provided by law.” A jurisdiction may then be given to the probate court in one county which is not conferred in another; but this express exception relates only the extent of the jurisdiction of the probate court. The whole object of the section is to define the limits of its jurisdiction; it treats of nothing else, and does not once name the courts of common pleas. Nor does it follow as a necessary conclusion that because the jurisdiction of the probate court may be more extensive in one county than in another, the jurisdiction of the courts of common pleas must also differ in extent. The latter may be uniform and the former not. The probate court may, in some counties, possess a jurisdiction concurrent with the common pleas, which is denied to it in others.
In the case before us, the plaintiff in error was indicted in the court of common pleas of Muskingum county for an assault and battery. The court claimed to take jurisdiction of the case by virtue of the act of April 9, 1856, entitled “ An act to restore to the court of common pleas the jurisdiction of minor offenses in certain (counties in this state.” The first section reads thus: “Beiteni acted,” etc., “that the court of common pleas, in addition to the criminal jurisdiction it now has, shall have original jurisdiction of all crimes, offenses, and misdemeanors, the cognizance* of [274 which is now vested in the probate court.” Then follow several *275 sections prescribing the mode of originating and conducting the prosecutions for such offenses, the disposition of the fines collected thereunder, etc. Section 8 repeals the laws conferring the jurisdiction of such offenses on the probate court. The 9th and last section enacts that “ the provisions of this act shall not apply to the counties of Jackson, Vinton,” etc., naming thirty counties of the state; Muskingum not being one of the thirty; and then adds, “and the repeal herein of chapter four of an act defining the jurisdiction and regulating the practice of probate courts, passed March 14, 1853, shall not apply to the counties named in this section, but the jurisdiction of the probate court, in said counties, shall remain the same as if this act were not passed.” The title of the act, and the explicit language of the 9th section, leave no room for doubt as to the effect and operation intended to be given to this act. A jurisdiction which it denies to the court of common pleas in thirty counties in the state, it expressly gives to the same ■court in the remaining counties of the state. It contemplates no other object. A partial operation, confined to “ certain counties,” thus attempted to be given to a law general in its nature; and a .a majority of the court think that this act is therefore in direct •conflict with the constitutional.provision on that subject.
But it has been suggested that the ninth section, which limits the •operation of the act, may be pronounced unconstitutional and void, .and that the operation of the rest of the act may thus be made uniform thoughout the state.
It is undoubtedly true that a part of an act may be unconstitutional and void, while another part may be constitutional and valid. 275] An act conferring upon the probate ^courts a jurisdiction exclusive in some counties, and in others concurrent with the common pleas, might be valid, so far as it would give jurisdiction to •the probate court, and void in so far as it would attempt to confer •on the court of common pleas a jurisdiction in some counties, which -was denied to it in others.
Bub the act under consideration is of a different character. It ■contains nothing but a grant of jurisdiction-'to the court of common ■pleas in “ certain counties,” and such other provisions as are merely incidental to this main purpose. The legislative intent to limit its ■operation in all parts to certain counties, is shown by language so ■explicit as to leave no room for any possible doubt. It matters not an what part of the act that intention is expressed, whether in im *276 mediate connection with the jurisdiction conferred, or in a subsequent section; if it be clear, it must prevail, and can only be changed by the law-making power, no part of which is vested in this court. If that intention, clearly expressed as to every part of the act, be in- conflict with the constitution, the whole act is necessarily void.

Judgment reversed.

Bartley, C. J., and Bowen, J., concurred.
Swan and Brinkerhoee, JJ., dissented; holding that the first and eighth sections of article four of the constitution give the general assembly authority expressly to clothe courts inferior to the Supreme Court with different jurisdiction in different counties.